Michael Cohen - #98066
Bruce E. Krell, Inc. - #52542
Jerome M. Garchik - #50562
LAW OFFICES OF BRUCE E. KRELL
Grove Law Building
345 Grove Street
San Francisco, CA 94102
415/861-4414
Fax: 415/431-4526
mikecohen@sprintmail.com

Attorney for Plaintiff

E-filing

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

WILLIAM E. KNIGHT,                    No.

     Plaintiff,                    **COMPLAINT**

vs.                                                    **C11   6337**

DIANE AQUI, MARK D. JORDAN,
Deceased, ESTATE OF MARK. D.
JORDAN, and DOES 1-100,

     Defendants.

Plaintiff, by and through counsel, hereby complains against Defendants as follows:

**JURISDICTION**

1.    This action arises out of the taking of an illegal attorney fee by Defendants AQUI and JORDAN, for which Defendant JORDAN'S Estate is also liable. Hereinafter, the parties-defendant shall be referred to as Defendants or Defendant, as appropriate. Jurisdiction is founded upon 28 USC 1332, in that the Plaintiff is a citizen of South Carolina, Defendants are and were, respectively, citizens of California; and the amount in controversy exceeds $75,000.00.

**INTRA-DISTRICT ASSIGNMENT**

2.    A substantial part of the events and/or omissions complained of herein occurred in Sonoma County, California, and this action is properly assigned to the Oakland or San Francisco Divisions of the United States District Court for the Northern District of California.

1

Complaint

1          **THE PARTIES**

2     3.     Plaintiff WILLIAM E. KNIGHT was a client of Defendants under a contingent

3  fee agreement. Defendants, at all times relevant, were attorneys, licensed to practice in

4  California, holding themselves out as competent, with their principal place of business in Santa

5  Rosa, California.

6     4.     Plaintiff is informed, believes and thereon alleges that, at all times herein

7  mentioned, Defendants DOES 1 through 20, inclusive, and each of them, were and are

8  individuals, duly licensed under California laws to perform legal functions; and were engaged in

9  those functions as agents and/or employees of the above-mentioned named Defendants, and each

10  of them, in Sonoma County, California; and, at all times herein mentioned, were acting within

11  the course and scope of this agency and/or employment.

12     5.     Plaintiff is informed, believes and thereon alleges, that, at all times herein

13  mentioned, Defendants DOES 21 through 100 inclusive, and each of them, were engaged and/or

14  employed in various capacities in the legal profession, acting in the aid or assistance of the

15  named Defendants and each of them, and acting within the course and scope of this engagement,

16  agency and/or employment.

17     6.     Plaintiff does not know the true names and/or capacities, whether corporate,

18  associate or individual, of all Defendants DOES 1 through 100, inclusive, and therefore sues

19  them by those fictitious names. Plaintiff is informed and believes, and thereon alleges, that each

20  of those Defendants was in some manner legally responsible for the events and happenings

21  alleged in this complaint and for Plaintiff's injuries and damages.

22     7.     Plaintiff is informed and believes, and thereon alleges, that, at all times

23  mentioned, each of the Defendants was the agent and employee of each of their codefendants,

24  and in doing the things alleged in this complaint were acting within the course and scope of that

25  agency and employment. Moreover, the conduct of each Defendant herein was authorized and/or

26  ratified by each of the remaining Co-Defendants; and each Defendant, when acting as a principal,

2

Complaint

1  was negligent and/or reckless in the selection and hiring of each other Defendant as an agent or
2  employee.

3      8.    At all times herein mentioned, the events and happenings herein referred to
4  occurred in Sonoma County, California.

**FACTS**

6      9.    The case in which Defendants represented Plaintiff settled for $550,000.00, to be
7  paid over a period of 3 years, with the initial payment being $150,000.00, followed by payments
8  of $33,333.33 every three months thereafter, starting in October 2009, and continuing until the
9  rest of the $550,000.00 was paid, with a Stipulated Judgment of $700,000.00 to be filed on
10  breach.

11      10.    The January 2010 payment was late and a $5,000.00 late fee was paid. The last
12  payment made was the April 2010 payment; and, subsequently, the $700,000.00 Stipulated
13  Judgment was filed; but no funds have been collected from the Judgment Debtor since the April
14  2010 payment. All payments were held in Defendants' attorney-client trust account pursuant to
15  the State of California Rules of Professional Conduct.

16      11.    Although both the contingency agreement and applicable caselaw require that
17  Plaintiff receive 60% of all funds (minus costs) actually collected, Defendants breached the
18  agreement and violated the law by (a) falsely advising Plaintiff that the contingency agreement
19  required that the attorney be paid before the Plaintiff received anything; (b) failing to advise
20  Plaintiff, when he raised questions about this, to seek independent counsel in regard to the
21  adversarial relationship between the parties as to the subject of those questions; and (c) remitting
22  to Plaintiff only $50,699.81 out of the $254,999.99 actually collected, instead of the $151,259.66
23  owed to Plaintiff out of the $249,999.99 collected, minus $2,900.55 in costs.

24      12.    Defendant Jordan died on 12/21/10. Thereafter, Defendant Aqui continued to
25  represent Plaintiff in this matter until at least June 2011.

26  //

3

Complaint

1    **FIRST CAUSE OF ACTION [Negligence - Legal Malpractice]**

2        13.    Plaintiff refers to paragraphs 1 through 12, inclusive, of this Complaint and by

3    this reference make them a part hereof.

4        14.    Defendants' herein described conduct and breaches of duty was negligent.

5        15.    By the above-stated conduct, Defendants, and each of them, legally caused

6    Plaintiff the damages alleged herein.

7            WHEREFORE, PLAINTIFF prays judgment as set forth below.

8    **SECOND CAUSE OF ACTION [Breach of Contract]**

9        16.    Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and by

10   this reference make them a part hereof.

11       17.    Defendants' failure to pay Plaintiff the $151,259.66 owed to Plaintiff constitutes a

12   breach of the aforementioned contract.

13       18.    The contract was written.

14       19.    Plaintiff performed all his obligations to Defendants and each of them.

15       20.    As a legal and proximate result of the acts of Defendants and each of them,

16   Plaintiff was caused to sustain the herein described injuries and damages.

17           WHEREFORE, PLAINTIFF prays judgment as set forth below.

18   **THIRD CAUSE OF ACTION [Promise Without Intent to Perform]**

19       21.    Plaintiff refers to paragraphs 1 through 20, inclusive, of this Complaint and by

20   this reference make them a part hereof.

21       22.    Plaintiff is informed and believes and thereon alleges that Defendants' promise to

22   pay Plaintiff 60% of all money's collected, minus costs, was false, in that, at the time Defendants

23   made it, they had no intention of performing it, and in fact intended to take their all of the first

24   funds that were collected up to $220,000.00 before Plaintiff received anything.

25       23.    Defendants made that promise with the intent of inducing Plaintiff to rely on it by

26   entering into the above agreement.

4

Complaint

1    24.    Plaintiff was unaware of Defendants' intention not to perform in accordance with

2    the promise.  Plaintiff in fact did rely on Defendants' fraudulent promise by entering into the

3    above agreement.  Plaintiff's reliance was justifiable, in that Defendants' were licensed and

4    experienced members of the bar and had superior knowledge as to the manner promised and, as

5    Plaintiff's attorneys, had a fiduciary relationship to him.

6    25.    As a legal result of the fraudulent promise by Defendants, and each of them,

7    Plaintiff has suffered and continues to suffer substantial damages from the loss of the funds owed

8    him; and has incurred other and further damages that he has not determined at this time, but

9    which are in excess of the jurisdictional limit of this court.  Plaintiff will seek to leave to amend

10   his Complaint to state the sums with specificity when known.

11   26.    Defendants' fraudulent conduct was despicable and in conscious disregard of

12   Plaintiff's rights.

13        WHEREFORE, PLAINTIFF prays judgment as set forth below.

14                    **FOURTH CAUSE OF ACTION [Conversion]**

15   27.    Plaintiff refers to paragraphs 1 through 26, inclusive, of this Complaint and by

16   this reference make them a part hereof.

17   28.    As each sum was collected from the defendant in the underlying case, Plaintiff

18   had the right to immediate possession of 60% of it; and Defendants had no right to that 60%.

19   29.    When each sum was collected, Defendants' breached their duty to Plaintiff to turn

20   over the 60% of each such sum to Plaintiff but converted it to Defendants', and each of their,

21   own use.

22   30.    Between the time of Defendants' wrongful acts and conversion and the filing of

23   this action, Plaintiff incurred expenses, in total amounts not yet determined, in pursuit of the

24   property converted exclusive of attorney fees and costs associated with preparation for litigation

25   of the case; and Plaintiff prays leave of court to amend this Complaint to insert the true amounts,

26   and to present proof thereof, at time of trial.

5

Complaint

1    31.    Defendants' hereinabove-alleged conduct was fraudulent, oppressive, despicable
2  and in conscious disregard of Plaintiff's rights.

3        WHEREFORE, PLAINTIFF prays judgment as set forth below.

4                    **FIFTH CAUSE OF ACTION [Breach of Fiduciary Duty]**

5    32.    Plaintiff refers to paragraphs 1 through 31, inclusive, of this Complaint and by
6  this reference make them a part hereof.

7    33.    As Plaintiff's attorneys, Defendants were Plaintiff's fiduciaries; they held the
8  sums collected in the underlying case, as Plaintiff's fiduciaries, subject to the State of California
9  Rules of Professional Conduct; and they had the fiduciary duty not to interfere with Plaintiff's
10  rights in those sums, but to protect them and to provide Plaintiff with his share at the earliest
11  possible time, in addition to the fiduciary duties of complete candor, full and complete
12  disclosure, and strict avoidance of any conflict of interest.

13    34.    By their conduct described herein, Defendants, and each of them, breached those
14  duties.

15    35.    As a legal result of those breached, Plaintiff suffered special damages in the
16  amounts set forth above, and general damages according to proof.

17    36.    Defendants' hereinabove-alleged conduct was fruadulent, oppressive, despicable
18  and in conscious disregard of Plaintiff's rights.

19        WHEREFORE, Plaintiffs, and each of them, pray judgment against Defendants, and each
20  of them, for the following:

21        A.    General Damages according to proof;

22        B.    Special Damages according to proof;

23        C.    Punitive Damages;

24        D.    Pre-Judgment Interest according to law;

25        E.    Costs of this action; and

26  //

6

Complaint

1    F.    Any other and further relief that the court considers proper.

2    DATED: December 14, 2011                    LAW OFFICES OF BRUCE E. KRELL, INC.

3

4

5

6                                               By _____
7                                                        MICHAEL COHEN

8                          **DEMAND FOR JURY TRIAL**

9          PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter.

10   That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff demands a

11   trial by jury as is his guaranteed right. Pursuant to FRCP, Rule 39, Plaintiff requests that the

12   matter be designated as a jury action upon the Court's docket.

13   DATED: December 14, 2011                    LAW OFFICES OF BRUCE E. KRELL, INC.

14

15

16

17                                              By _____
18                                                    Michael Cohen

19

20

21

22

23

24

25

26

                                                 7
                          _____
                                           Complaint