Michael Cohen - #98066
Bruce E. Krell, Inc. - #52542
Jerome M. Garchik - #50562
LAW OFFICES OF BRUCE E. KRELL
Grove Law Building
345 Grove Street
San Francisco, CA 94102
415/861-4414
Fax: 415/431-4526
mikecohen@sprintmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WILLIAM E. KNIGHT, | No. CV 11-06337YGR |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| DIANE AQUI, MARK D. JORDAN, Deceased, previously dba JODAN & AQUI, ESTATE OF MARK. D. JORDAN, and DOES 1-100, | |
| Defendants. | |

Plaintiff, by and through counsel, hereby complains against Defendants as follows:

**JURISDICTION**

1.  This action arises out of professional legal malpractice by Defendants AQUI and JORDAN, California attorneys.  Hereinafter, the parties-defendant shall be referred to as Defendants or Defendant, as appropriate.  Jurisdiction is founded upon 28 USC 1332, in THAT THE Plaintiff is a citizen of South Carolina, Defendants are and were, respectively, citizens of California; and the amount in controversy exceeds $75,000.00.

**INTRA-DISTRICT ASSIGNMENT**

2.  A substantial part of the events and/or omissions complained of herein occurred in Sonoma County, California, and this action is properly assigned to the Oakland or San Francisco

1

First Amended Complaint

1  Divisions of the United States District Court for the Northern District of Califronia.

## PARTIES

3.  Plaintiff WILLIAM E. KNIGHT was a client of Defendants under a contingent fee agreement. Defendants, at all times relevant, were attorneys, licensed to practice in California, holding themselves out as competent, with their principal place of business in Santa Rosa, California, Sonoma County, as individual attorneys and as JORDAN & AQUI..

4.  Plaintiff is informed, believes and thereon alleges that, at all times herein mentioned, Defendants DOES 1 through 20, inclusive, and each of them, were and are individuals, duly licensed under California laws to perform legal functions; and were engaged in those functions as agents and/or employees of the above-mentioned named Defendants, and each of them, in Sonoma County, California; and, at all times herein mentioned, were acting within the course and scope of this agency and/or employment.

5.  Plaintiff is informed, believes and thereon alleges, that, at all times herein mentioned, Defendants DOES 21 through 100 inclusive, and each of them, were engaged and/or employed in various capacities in the legal profession, acting in the aid or assistance of the named Defendants and each of them, and acting within the course and scope of this engagement, agency and/or employment.

6.  Plaintiff does not know the true names and/or capacities, whether corporate, associate or individual, of all Defendants DOES 1 through 100, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of those Defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for Plaintiff's injuries and damages.

7.  Plaintiff is informed and believes, and thereon alleges, that, at all times mentioned, each of the Defendants was the agent and employee of each of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment. Moreover, the conduct of each Defendant herein was authorized and/or

ratified by each of the remaining Co-Defendants; and each Defendant, when acting as a principal, was negligent and/or reckless in the selection and hiring of each other Defendant as an agent or employee.

8. At all times herein mentioned, the events and happenings herein referred to occurred in Sonoma County, California, in the Northern District of California.

**FACTS**

9. Defendants DIANE AQUI and MARK JORDAN commenced legal representation of plaintiff on or about March 29, 2007, and on October 29, 2007 filed an action on his behalf in Sonoma County Superior Court No. SVC 241748, entitled <u>Knight v. Doubleshot, Inc.</u>  On and about April 28, 2009, defendant AQUI advised KNIGHT to enter an installment payment Settlement Agreement totaling $550,000.00, but AQUI negligently failed to obtain any personal guaranty of the installment payments from the chief and controlling shareholder of Doubleshot, Inc., Alan Shulman.

10. In 2009 and 2010 thereafter and pursuant to the aforementioned Settlement Agreement, Doubleshot, Inc. paid a total of $254,999.99 which monies were paid into, deposited, held and disbursed from the DIANE AQUI, Attorney at Law, Attorney-Client Trust Account at Exchange Bank, Santa Rosa, California.  Since then, no further settlement funds have been paid by Doubleshot, Inc., which is now a suspended and insolvent California corporation.

11. Although both the March 29, 2007 contingency agreement and applicable caselaw required that Plaintiff receive 60% of all funds (minus costs) actually collected, Defendants breached the agreement and violated the law by (a) falsely advising Plaintiff that the contingency agreement required that the attorney be paid before the Plaintiff received anything; (b) failing to advise Plaintiff, when he raised questions about this, to seek independent counsel in regard to the adversarial relationship between the parties as to the subject of those questions; and (c) remitting to Plaintiff only $50,699.81 out of the $254,999.99 actually collected, instead of the $151,259.66 owed to Plaintiff out of the $249,999.99 collected, minus $2,900.55 in costs.  Demand for refund

of money has been made by plaintiff KNIGHT but defendant AQUI has refused to pay him the full or any part of the amount remaining due.

12. Defendant Jordan died on 12/21/10, and Defendant Aqui continued to represent Plaintiff in this matter until at least November 28, 2011.

**FIRST CAUSE OF ACTION [Negligence - Legal Malpractice]**

13. Plaintiff refers to paragraphs 1 through 12, inclusive, of this Complaint and by this reference make them a part hereof.

14. Defendants' herein-described conduct and breaches of duty was negligent, including negligent misuse of AQUI attorney/client trust funds and negligent failure to obtain a personal guarantee of payment from Alan Shulman, principal owner of Doubleshot, Inc..

15. By the above-stated conduct, Defendants, and each of them, legally caused Plaintiff the damages alleged herein.

WHEREFORE, PLAINTIFF prays judgment as set forth below.

**SECOND CAUSE OF ACTION [Breach of Contract]**

16. Plaintiff refers to paragraphs 1 through 15, inclusive, of this Complaint and by this reference make them a part hereof.

17. Defendants' failure to pay Plaintiff the full $151,259.66 owed to Plaintiff constitutes a breach of the aforementioned contract.

18. The contract was written.

19. Plaintiff performed all his obligations to Defendants and each of them.

20. As a legal and proximate result of the acts of Defendants and each of them, Plaintiff was caused to sustain the herein described injuries and damages.

WHEREFORE, PLAINTIFF prays judgment as set forth below.

**THIRD CAUSE OF ACTION [Promise Without Intent to Perform]**

21. Plaintiff refers to paragraphs 1 through 20, inclusive, of this Complaint and by this reference make them a part hereof.

22.     Plaintiff is informed and believes and thereon alleges that Defendants' promise to pay Plaintiff 60% of all money's collected, minus costs, was false, in that, at the time Defendants made it, they had no intention of performing it, and in fact intended to take all of the first funds that were collected up to $220,000.00, before Plaintiff received anything.

23.     Defendants made that promise with the intent of inducing Plaintiff to rely on it by entering into the April 28, 2009 Settlement Agreement with Doubleshot Inc., and agreeing thereafter that Doubleshot Inc. payments of $254,999.99 be deposited directly into the Attorney AQUI Trust Account.

24.     Plaintiff was unaware of Defendants' intention not to perform in accordance with the promise.  Plaintiff in fact did rely on Defendants' fraudulent promise by entering into the above agreement.  Plaintiff's reliance was justifiable, in that Defendants were licensed and experienced members of the bar and had superior knowledge as to the matter promised and, as Plaintiff's attorneys, had a fiduciary relationship to him.

25.     As a legal result of the fraudulent promise by Defendants, and each of them, Plaintiff has suffered and continues to suffer substantial damages from the loss of the funds owed him; and has incurred other and further damages that he has not determined at this time.  Plaintiff's damages are in excess of the jurisdictional limit of this court.  Plaintiff will seek to leave to amend his Complaint to state the sums with specificity when known.

26.     Defendants' fraudulent conduct was despicable and in conscious disregard of Plaintiff's rights.

WHEREFORE, PLAINTIFF prays judgment as set forth below.

**FOURTH CAUSE OF ACTION [Conversion]**

27.     Plaintiff refers to paragraphs 1 through 26, inclusive, of this Complaint and by this reference make them a part hereof.

28.     As each sum was collected from the defendant in the underlying case, Plaintiff had the right to immediate possession of 60% of it; and Defendants had no right to that 60%.

5

First Amended Complaint

29. When each sum was collected, Defendants' breached their duty to Plaintiff to turn over the 60% of each such sum to Plaintiff but converted it to Defendants', and each of their, own use.

30. Between the time of Defendants' wrongful acts and conversion and the filing of this action, Plaintiff incurred expenses, in total amounts not yet determined, in pursuit of the property converted, exclusive of attorney fees and costs associated with preparation for litigation of the case; and Plaintiff prays leave of court to amend this Complaint to insert the true amounts, and to present proof thereof, at time of trial.

31. Defendants' hereinabove-alleged conduct was fraudulent, oppressive, despicable and in conscious disregard of Plaintiff's rights.

WHEREFORE, PLAINTIFF prays judgment as set forth below.

**FIFTH CAUSE OF ACTION [Breach of Fiduciary Duty]**

32. Plaintiff refers to paragraphs 1 through 31, inclusive, of this Complaint and by this reference make them a part hereof.

33. As Plaintiff's attorneys, Defendants were Plaintiff's fiduciaries; they held the sums collected in the underlying case, as Plaintiff's fiduciaries, subject to the State of California Rules of Professional Conduct; and they had the fiduciary duty not to interfere with Plaintiff's rights in those sums, but to protect them and to provide Plaintiff with his share at the earliest possible time, in addition to the fiduciary duties of complete candor, full and complete disclosure, and strict avoidance of any conflict of interest. Further, AQUI paid herself an unconscionable 80% legal fee, in violation of Rule 4-200 of the Rules of Professional Conduct.

34. By their conduct described herein, Defendants, and each of them, breached those duties.

35. As a legal result of those breaches, Plaintiff suffered special damages in the amounts set forth above, and general damages according to proof.

36. Defendants' hereinabove-alleged conduct was fruadulent, oppressive, despicable

1 and in conscious disregard of Plaintiff's rights.

2   WHEREFORE, Plaintiffs, and each of them, pray judgment against Defendants, and each of them, for the following:

   A.   General Damages according to proof;

   B.   Special Damages according to proof;

   C.   Punitive Damages;

   D.   Pre-Judgment Interest according to law;

   E.   Costs of this action; and

   F.   Any other and further relief that the court considers proper.

DATED: July 25, 2012                    LAW OFFICES OF BRUCE E. KRELL, INC.


By _____
   MICHAEL COHEN

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury in this matter. That is, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 38, Plaintiff demands a trial by jury as is his guaranteed right. Pursuant to FRCP, Rule 39, Plaintiff requests that the matter be designated as a jury action upon the Court's docket.

DATED: July 25, 2012                    LAW OFFICES OF BRUCE E. KRELL, INC.


By_____
   Michael Cohen

7

First Amended Complaint