EXHIBIT "E"

## SETTLEMENT AGREEMENT



This SETTLEMENT AGREEMENT (hereinafter referred to as "Agreement") is made as of April 30, 2009, by and between Defendant DOUBLESHOT, INC, a California Corporation (hereinafter referred to as "Defendant"), and plaintiff WILLIAM E. KNIGHT ( hereinafter referred to as "Plaintiff"). Defendant and Plaintiff may also be hereinafter collectively referred to as "the parties".

A. Plaintiff has filed a Complaint ("Complaint") against Defendant, in the Superior Court of the State of California, in and for the County of Sonoma, entitled WILLIAM E. KNIGHT vs. DOUBLESHOT INC., and DOES 1 to 50, inclusive, Case No. SCV 241748. Plaintiff's Complaint will be hereinafter collectively referred to as the "Action."

B. The parties hereto desire to settle and terminate the Action as against Defendant DOUBLESHOT, INC. hereunder and forever discharge all claims, demands, liabilities, and causes of action against one another based upon or arising out of the subject matter of the Action referred to in paragraph A herein above.

NOW, THEREFORE, for good and valuable consideration, including the mutual covenants herein contained, it is agreed as follows:

## AGREEMENT

1. **Settlement of the Action.** For and in consideration of settlement between the parties, Defendant hereby agrees to make payment to Plaintiff WILLIAM E. KNIGHT in the amount of five hundred and fifty thousand dollars ($550,000.00). In exchange, Plaintiff gives up any and all rights to any stock options in Doubleshot, Inc. that may have been granted to him by virtue of his employment with Defendant. This settlement shall be made as follows: One payment of one hundred and fifty thousand dollars ($150,000.00) paid on or before July 31, 2009; and twelve equal payments of thirty three thousand three hundred thirty three dollars and thirty three cents ($33,333.33) every quarter for thirty six (36) months thereafter, due on the last day of each quarter, pursuant to the following schedule, and payable in the following manner:

| | | |
|---|---|---|
| July 31, 2009 | $150,000.00 | William E. Knight and Trust Account of Attorney Diane Aqui |
| October 31, 2009 | $ 33,333.33 | William E. Knight and Trust Account of Attorney Diane Aqui |
| January 31, 2010 | $ 33,333.33 | William E. Knight and Trust Account of Attorney Diane Aqui |
| April 30, 2010 | $ 33,333.33 | William E. Knight and Trust Account of Attorney Diane Aqui |
| July 31, 2010 | $ 33,333.33 | William E. Knight and Trust Account of Attorney Diane Aqui |

| | | |
|---|---|---|
| October 31, 2010 | $ 33,333.33 | William E. Knight |
| January 31, 2011 | $ 33,333.33 | William E. Knight |
| April 30, 2011 | $ 33,333.33 | William E. Knight |
| July 31, 2011 | $ 33,333.33 | William E. Knight |
| October 31, 2011 | $ 33,333.33 | William E. Knight |
| January 31, 2012 | $ 33,333.33 | William E. Knight |
| April 30, 2012 | $ 33,333.33 | William E. Knight |
| July 31, 2012 | $ 33,333.33 | William E. Knight |

All checks shall be mailed to Attorney Diane Aqui, 1612 Fourth Street, Santa Rosa, CA 95404.

Plaintiff agrees to provide written notice to defendant Doubleshot, Inc. and attorney Steven Kesten of any address changes.

As part of the settlement described above, Defendant hereby agrees to execute the attached stipulation for entry of judgment in the amount of seven hundred thousand dollars ($700,000.00), which shall be held, but not filed by Plaintiff's counsel. If Defendant fails to make any of the above payments, after a written thirty (30) day notice period to Defendant Doubleshot, Inc. and attorney Steven Kesten, Defendant hereby agrees that Plaintiff's counsel shall file the attached stipulation for entry of judgment.

William Knight hereby releases and forever discharges Doubleshot, Inc., and its officers, directors, agents, representatives, employees, and heirs, from any and all claims, demands, assertions of liability, causes of action, obligations, damages, claims for indemnity of any kind, nature or character whatsoever (except for the obligations set forth within this Agreement) he has against Doubleshot., Inc. arising directly or indirectly out of the facts and circumstances of the Action - Sonoma County Superior Court Case No. 241748;

All parties hereby, on behalf of themselves and the entities on whose behalf they have signed, represent and warrant that the undersigned have the authority and the capacity to make this Agreement and to carry out the terms hereof.

    2. **Indemnification/Hold Harmless re Liens, Claims, Actions, Etc.** As a further consideration for the payment stated herein, plaintiff agrees to indemnify defendant and to hold them harmless of and from any claims, actions, causes of actions or liens brought by any person or entity arising out of or in any way connected with the matter alleged in the action, including, but not limited to, any claims, liens, lawsuits, or actions for payment of unemployment liens, or other damages, costs or expenses allegedly incurred by plaintiff.

    3. **Waiver of Rights.** This Agreement shall be construed under the laws of the State of

California. It is the intention of the parties hereto that the release contained herein shall be effective as a full and final accord and satisfaction, as a bar to all actions, causes of action, obligations, costs, expenses, attorneys' fees, damages, losses, claims, liabilities, and demands of any nature, character, or kind, known or unknown, suspected or unsuspected, arising out of, directly or indirectly, the subject matter of the Action.

4. **Shares Owned by Plaintiff.** This settlement agreement and the waiver described in paragraph 3, specifically does not apply to the ownership of any shares of DOUBLESHOT, INC. by plaintiff.

5. **Dismissal of Action.** Immediately upon execution of this Agreement by all parties hereto, Plaintiff shall authorize, direct, and cause his attorney to file a Request for Dismissal, with prejudice, with the court stating that the court retains jurisdiction over the case, the parties hereto and the dispute so as to enforce the terms of this settlement under CCP § 664.6. The court is empowered to receive into its files the Stipulation for Judgment and Judgment, should Defendant default on the terms and provisions of this agreement. Immediately upon receipt of a Request for Dismissal stamped by the court as received and filed, Plaintiff's counsel shall provide to Defendant's attorney an endorsed-filed copy of such dismissal with prejudice.

6. **No Admissions of Liability.** All parties represent and acknowledge that they have entered into this Agreement solely for the purpose of preventing further involvement in protracted and costly litigation based upon the disputed claims in the Action and issues surrounding settlement of the Action. Neither the settlement of the Action nor the settlement of issues pertaining to the Action, nor anything contained herein, shall be construed to be at any time or any place an admission on the part of any party hereto of any of the claims in the Action or referred to herein.

7. **Older Workers' Benefit Protection Act and Age Discrimination in Employment Act of 1967.** Knight specifically understands and acknowledges that the Age Discrimination in Employment Act of 1967, as amended, provides Knight the right to bring a claim against the released parties if Knight believes that he has been discriminated against by Defendant on the basis of age. Knight understands the rights afforded under this Act and agrees that he shall not file any claim or action against any released parties based on any alleged violation(s) of the Age Discrimination in Employment Act, up through the date this Agreement is executed by Knight. Knight hereby waives any right to assert a claim for relief available under the Age Discrimination in Employment Act, including, but not limited to, back pay, attorneys' fees, damages, lost benefits, reinstatement or injunctive relief for any act or omission by the released parties up through the date of Knight's execution of this Agreement.

This Agreement was delivered to Knight on April 30, 2009. Knight understands and agrees that he may have a period of **twenty-one (21) calendar days** to consider this Agreement. Knight further acknowledges, understands and agrees that if he executes this Agreement prior to the expiration of

Page 3 of 5

SETTLEMENT AGREEMENT
Sonoma County Case No. 241748                                          April 17, 2009

the **twenty-one (21) day period**, the decision to do so is his and his alone, and that as a result, he has voluntarily, knowingly, and willingly waived the twenty-one (21) day period. Knight further acknowledges, understands and agrees that this Agreement shall not become effective or enforceable until **seven (7) calendar days** after it is executed by him (the "Effective Date") and that during that **seven (7) calendar day period**, Knight may revoke this Agreement. Knight further understands and agrees that any such revocation of this Agreement by him shall render this Agreement wholly null and void.

     8. **Persons/Entities Bound By Agreement.** This Agreement shall be binding upon and for the benefit of the parties hereto and their respective successors, subsidiaries, divisions, affiliates, representatives, assigns, officers, directors, employees and beneficiaries, wherever the context requires or admits.

     9. **Advice of Counsel.** The parties hereto expressly state that they have consulted with their respective attorneys of record concerning this Agreement, and have been fully advised by such attorneys with respect to their rights and obligations hereunder.

     10. **No Oral Modification Of This Agreement.** This Agreement constitutes the entire Agreement between the parties, and it is expressly understood and agreed that this Agreement may not be altered, amended, modified, or otherwise changed in any respect or particular whatsoever, except by a writing duly executed by authorized representatives of all of the parties hereto, and that no extrinsic evidence whatsoever may be introduced in any judicial or arbitration proceeding.

     11. **No Claim of Oral Modification Of Agreement.** The parties hereto acknowledge and agree that they will make no claim at any time or place that this Agreement has been orally altered or modified in any respect whatsoever, and that they will not hereafter claim that this Agreement has been altered, modified, or otherwise changed by oral communication of any kind or character whatsoever.

     12. **Each Party Responsible for Their Own Costs.** Each party to this Agreement shall be responsible for the payment of its own costs, attorney's fees and all other expenses it has incurred in or arising in any way out of the Action, with the exception of those costs set forth in paragraph 1.

     13. **Attorneys' Fees For Prevailing Party In Action To Enforce/Interpret Agreement.** If any legal action, arbitration, or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this Agreement, the successful or prevailing party or parties will be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled. This paragraph includes fees and costs required for enforcing any judgment.

14. **Venue For Enforcement Action.** If any legal action is brought for the enforcement of this Agreement, IT IS STIPULATED AND AGREED by the parties hereto that the venue for any such action shall be in Sonoma County, California.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original and shall be deemed duly executed upon the signing of the counterparts by the parties hereto. The parties agree that facsimile signatures hereto shall have the same force and effect as original signatures.

**PLAINTIFF**

Dated: _____, 20__    By: _____
                              WILLIAM E. KNIGHT, Plaintiff

**DEFENDANT**

Dated: _____, 20__    By: _____
                              ALAN SCHULMAN,
                              PRESIDENT, DOUBLESHOT, INC., defendant

*See next page 6/6*

APPROVED AS TO FORM:        JORDAN & AQUI

Dated: _____, 20__    _____
                              Diane Aqui
                              Attorney for Plaintiff

APPROVED AS TO FORM:

Dated: _____, 20__    _____
        Steven Kesten
                              Attorney for Defendant

Page 5 of 5

SETTLEMENT AGREEMENT
Sonoma County Case No. 241748                    April 17, 2009

**PLAINTIFF**

Dated: 28 Apr, 2009          By: *William E Knight*
                                 WILLIAM E. KNIGHT, Plaintiff

**DEFENDANT**

Dated: _____, 20__          By: _____
                                 ALAN SCHULMAN,
                                 PRESIDENT, DOUBLESHOT, INC., defendant


APPROVED AS TO FORM:          JORDAN & AQUI

Dated: April 28, 2009         *Diane Aqui*
                              Diane Aqui
                              Attorney for Plaintiff


APPROVED AS TO FORM:

Dated: _____, 20__          _____
                              Steven Kesten
                              Attorney for Defendant


SETTLEMENT AGREEMENT
Sonoma County Case No. 241748      Page 5 of 5          March 23, 2009

**PLAINTIFF**

Dated: _____, 20__          By: _____
                                    WILLIAM E. KNIGHT, Plaintiff

**DEFENDANT**

Dated: 4/30, 2009               By: _/s/ Alan Schulman_____
                                    ALAN SCHULMAN,
                                    PRESIDENT, DOUBLESHOT, INC., defendant


APPROVED AS TO FORM:            JORDAN & AQUI

Dated: _____, 20__          _____
                                Diane Aqui
                                Attorney for Plaintiff


APPROVED AS TO FORM:

Dated: 4/30, 2009               _____
       Steven Kesten

                                Attorney for Defendant


Page 6 of 5

SETTLEMENT AGREEMENT
Sonoma County Case No. 241748                          April 17, 2009