EXHIBIT "F"

MARK D. JORDAN (66353)
DIANE AQUI (217087)
JORDAN & AQUI
1612 Fourth Street
Santa Rosa, CA 95404-4020
Phone (707) 526-3700
Facsimile (707) 526-1716



Attorneys for Plaintiff,
WILLIAM E. KNIGHT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA

WILLIAM E. KNIGHT,

     Plaintiff,

v.

DOUBLESHOT, INC. individually and DOES 1-
50, inclusive,

     Defendants.

_____/

Case No. SCV 241748

STIPULATION FOR ENTRY OF
JUDGMENT

IT IS HEREBY STIPULATED by and between Plaintiff in the within action, WILLIAM
E. KNIGHT, and Defendant, DOUBLESHOT, INC., a California corporation, that judgment may
be entered against Defendant in the total amount of seven hundred thousand dollars
($700,000.00.).

IT IS FURTHER STIPULATED AND AGREED that compromise payments on this
judgment will be made as follows:

A. The sum of one hundred and fifty thousand dollars ($150,000.00) shall be paid on or
before July 31, 2009; said payment is to be paid to "William E. Knight and Trust Account of
Diane Aqui", and forwarded to Diane Aqui, attorney of record for plaintiff herein, at 1612 Fourth
Street, Santa Rosa, CA 95404.

B. The sum of four hundred thousand dollars ($400,000.00) shall be paid in 12 equal

($33,333.33) every quarter for thirty six (36) months thereafter, due on the last day of each quarter, as follows:

October 31, 2009    $ 33,333.33    William E. Knight and Trust Account of Attorney Diane Aqui

January 31, 2010    $ 33,333.33    William E. Knight and Trust Account of Attorney Diane Aqui

April 30, 2010 $ 33,333.33    William E. Knight and Trust Account of Attorney Diane Aqui

July 31, 2010    $ 33,333.33    William E. Knight

October 31, 2010    $ 33,333.33    William E. Knight

January 31, 2011    $ 33,333.33    William E. Knight

April 30, 2011 $ 33,333.33    William E. Knight

July 31, 2011    $ 33,333.33    William E. Knight

October 31, 2011    $ 33,333.33    William E. Knight

January 31, 2012    $ 33,333.33    William E. Knight

April 30; 2012 $ 33,333.33    William E. Knight

July 31, 2012    $ 33,333.33    William E. Knight

All checks shall be mailed to Attorney Diane Aqui, 1612 Fourth Street, Santa Rosa, CA 95404;

Plaintiff agrees to provide written notice to Defendant Doubleshot, Inc. and attorney Steven Kesten of any address changes.

IT IS FURTHER STIPULATED AND AGREED that there shall be a stay of entry of judgment so long as the payments to be made by Defendant are made when due.

IT IS FURTHER STIPULATED AND AGREED that in the event Defendant should default in the payments when due, as herein above set forth, Plaintiff shall provide Defendant with a thirty (30) day written notice of said default with a copy of said letter to defendant's counsel.

Plaintiff may, on the thirty first (31st) day immediately following said written notice of default, declare the entire unpaid balance immediately due and payable if said default has not been cured. In such event, judgment shall be immediately entered for the full judgment amount of seven hundred thousand dollars ($700,000.00) in favor of Plaintiff against Defendant, less any sums

2

received by Plaintiff from said Defendant pursuant to the terms of this Stipulation.

IT IS FURTHER STIPULATED AND AGREED that upon payment of the total compromise sum of five hundred and fifty thousand dollars ($550,000.00) due hereunder to Plaintiff, as herein above set forth, Plaintiff will dismiss with prejudice the above captioned action.

IT IS FURTHER STIPULATED AND AGREED that the total sum of $550,000.00 due and payable to Plaintiff is pursuant to a settlement agreement, and if Defendant should default under that settlement agreement, the judgment amount of seven hundred thousand dollars ($700,000.00) (i.e., $150,000.00 greater than the settlement amount) shall be entered.

Defendant hereby waives notice of entry of judgment and hereby expressly waives all right to stay of execution and of appeal and agrees that judgment may be entered by a Commissioner of the Court without the necessity of a noticed motion.

IT IS FURTHER STIPULATED AND AGREED that the affidavit of Plaintiff or Attorney Mark D. Jordan or Attorney Diane Aqui, setting forth the payment theretofore made by the Defendant and the balance due and owing as of the date of default, and the failure to cure such default, shall be sufficient to secure the entry of a judgment pursuant to this Stipulation.

IT IS FURTHER STIPULATED AND AGREED that said Defendant hereby waives any notice and opportunity to be heard in the event of such default and, in particular, said Defendant expressly waives any and all rights it may have in regard to such notice and opportunity to be heard as set forth in the case of *Rooney vs. Vermont Investment* (1973) 10 Cal. 3d 351.

IT IS FURTHER STIPULATED AND AGREED that Defendant expressly waives the time limit pursuant to CCP §583.310 with full knowledge of the consequences. This waiver is being executed so that judgment will not be entered against Defendant during the pendency of the payment plan pursuant to this Stipulation for Entry of Judgment. It is further agreed that should the Court, on its own motion, attempt to exercise the provisions of CCP §583.310, then it is expressly agreed and understood that the Stipulation for Entry of Judgment may be filed with the court, entering an immediate judgment against Defendant with an immediate stay of enforcement of the execution of the Judgment in accordance with the payment terms as called for in the original Stipulation for Entry

3

of Judgment.    1

　　　　IT IS FURTHER STIPULATED AND AGREED that should the Court require Plaintiff to
file a dismissal 3without prejudice during the pendency of the payment plan pursuant to this
Stipulation for Entry of Judgment, the Court shall retain jurisdiction over the parties to enforce
settlement until performance in full of the terms of settlement, pursuant to CCP §664.6.

DATE: _____ 6 _____           **JORDAN & AQUI**

　　　　　　　 7

　　　　　　　 8
                                  _____
　　　　　　　 9                    DIANE AQUI
                                  Attorneys for Plaintiff
　　　　　　　 10

DATE: _____ 11 _____
                                  _____
　　　　　　　 12                   WILLIAM E. KNIGHT
                                  Plaintiff
　　　　　　　 13

DATE: _____ 14  4/30/09         _____
                                  STEVEN KESTEN
　　　　　　　 15                   Attorney for Defendant

　　　　　　　 16
                                  **DOUBLESHOT, INC.,**
DATE: _____ 17 _____          A California corporation

　　　　　　　 18
                                  _____
　　　　　　　 19
                                  ALAN SHULMAN, Authorized Representative
　　　　　　　 20                   for Defendant

　　　　　　　 21

　　　　　　　 22

　　　　　　　 23

　　　　　　　 24

　　　　　　　 25

　　　　　　　 26

　　　　　　　 27

　　　　　　　 28

STIPULATION FOR ENTRY OF JUDGMENT
4

1 | the Judgment in accordance with the payment terms as called for in the original Stipulation for Entry
2 | of Judgment.
3 |     IT IS FURTHER STIPULATED AND AGREED that should the Court require Plaintiff to
4 | file a dismissal without prejudice during the pendency of the payment plan pursuant to this
5 | Stipulation for Entry of Judgment, the Court shall retain jurisdiction over the parties to enforce
6 | settlement until performance in full of the terms of settlement, pursuant to CCP §664.6.

7 | DATE: April 28, 2009                              JORDAN & AQUI
8 |
9 |
10 |                                                  _____
                                                     DIANE AQUI
                                                     Attorneys for Plaintiff
11 |
12 | DATE: 28 Apr 2009
13 |                                                  _____
                                                     WILLIAM E. KNIGHT
                                                     Plaintiff
14 |
15 | DATE: _____
16 |                                                  _____
                                                     STEVEN KESTEN
                                                     Attorney for Defendant
17 |
18 | DATE: _____                            DOUBLESHOT, INC.,
                                                     A California corporation
19 |
20 |
21 |                                                  _____
                                                     ALAN SHULMAN, Authorized Representative
                                                     for Defendant
22 |
23 |
24 |
25 |
26 |
27 |
28 |