UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. KNIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE AQUI, et al.,<br><br>    Defendants. | Case No. 11-cv-06337-JST<br><br>**FINAL PRETRIAL ORDER** |

A final pretrial conference was held in this matter on October 18, 2013. This Final Pretrial order, issued pursuant to Federal Rule of Civil Procedure 16(e), encapsulates all matters discussed at the conference and by the parties in their Amended Joint Pretrial Statement, ECF No. 64.

**I.    TRIAL PROCEEDINGS**

The Court will hold a bench trial in this matter on November 5, 2013, from 8:30 a.m. to 1:30 p.m., in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, California. There will be two fifteen minute breaks.

The only issues to be tried will be Plaintiff's entitlement to non-economic damages and to punitive damages. This Final Pretrial Order, in conjunction with the Court's Order Granting Partial Summary Judgment, ECF No. 58, supersedes the complaint, answer, and any counterclaims, cross-claims, or third-party complaints, in that only the issues expressly identified for trial remain in the case.

The undisputed facts identified in the Court's Order Granting Partial Summary Judgment are binding on all parties.

Trial briefs are optional. Any party wishing to file a trial brief must do so by no later than October 29, 2013.

1    Each party will have up to two hours for opening statement, witness examination

2  (including direct and cross-examination), and closing argument.

## II. WITNESSES AND EXHIBITS

Section B.8. of this Court's Standing Order for Civil Bench Trials, available at cand.uscourts.gov/jstorders, required the parties to submit "[a] list of all documents or other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal, and a brief statement following each that describes: (1) its substance or purpose; (2) the identity of the sponsoring witness; and (3) whether the parties have stipulated to its admissibility and, if they have not, the objection to its admission, the grounds for the objection, and the position of the offering party." The parties' Joint Pretrial Statement does not comply with the Court's Standing Order. Instead, the parties suggest that the material submitted in connection with Plaintiff's Motion for Partial Summary Judgment constitute the entirety of the exhibit list, and that, in addition, if Defendant's bankruptcy "becomes more than a possibility, Plaintiff may wish to develop evidence to deal with that contingency."[1] That is insufficient.

The parties are hereby ORDERED to file, by no later than October 29, 2013, a list of exhibits that each party intends to introduce at trial in compliance with the Standing Order.

Except for good cause, each party is limited to the witnesses disclosed in their Joint Pretrial Statement and the exhibits identified in the above-discussed filing due October 25, 2013. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

Each party shall pre-mark trial exhibits with trial exhibit stickers. Counsel shall agree on a uniform method for marking exhibits.

The parties shall deliver to the courtroom deputy, no later than October 29, 2013, three sets of all pre-marked exhibits in clearly labeled three-ring binders, in compliance with the Court's

---

[1] The Plaintiff's comment regarding the defendant's potential bankruptcy is not relevant or helpful to the Court in the preparation of a Pretrial Order. Moreover, if defendant does file for bankruptcy, this action will presumably be stayed, at least for some period of time. 11 U.S.C. § 362.

Standing Order for Civil Bench Trials.

The Court is not aware of any objections to any exhibits. If there are any such objections, the parties shall file them by no later than October 29, 2013.

## III. DISPUTE CONCERNING NON-ECONOMIC DAMAGES

The parties dispute in their Joint Pretrial Statement whether Plaintiff may recover non-economic damages. The Amended Complaint asserts five causes of action: professional negligence, breach of fiduciary duty, breach of contract, conversion, and negligent misrepresentation. Am. Compl., ECF No. 14. The prayer for relief seeks, *inter alia*, general damages, special damages, punitive damages, and any other relief the Court considers proper. Am. Compl. p. 7. The negligent misrepresentation, breach of fiduciary duty, and conversion claims include the allegation that Defendant's "fraudulent conduct" was "despicable," "oppressive," and "in conscious disregard of Plaintiff's rights." Am. Compl. ¶¶ 26, 31, 36. The Court's Order Granting Partial Summary Judgment granted summary judgment on the issue of liability with respect to each claim.

Defendant argues that Plaintiff is not entitled to non-economic damages on two grounds: (1) the Amended Complaint does not adequately specify "special damages" in compliance with Federal Rule of Civil Procedure 9(g); and (2) emotional distress damages are not recoverable in legal malpractice actions.

"General damages typically are those elements of injury that are the proximate and foreseeable consequences of the defendant's conduct. Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1310 (3d ed.) (footnotes omitted). Stated differently, special damages are those that are "unusual for the type of claim in question — that are not the natural damages associated with such a claim." Avitia v. Metropolitan Club of Chicago, 49 F.3d 1219, 1226 (7th Cir. 1995). The Court must determine, then, whether emotional distress damages are "unusual" in legal malpractice actions where the plaintiff has asserted the claims Plaintiff has asserted here. That question relates directly to whether Plaintiff is entitled to

3

recover emotional distress damages at all.

"Emotional distress damages ordinarily are not recoverable in a legal malpractice action if the representation concerned primarily the client's economic interests and the emotional injury derived from an economic loss." Ovando v. Cnty. of Los Angeles, 159 Cal. App. 4th 42, 73, (Cal. Ct. App. 2008). See also Merenda v. Super. Court, 3 Cal. App. 4th 1, 10 (Cal. Ct. App. 1992), disapproved of on other grounds by Ferguson v. Lieff, Cabraser, Heimann & Bernstein, 30 Cal. 4th 1037 (Cal. 2003) ("Where the interest of the client is economic, serious emotional distress is not an inevitable consequence of the loss of money and . . . the precedents run strongly against recovery."). However, that general rule has been developed in the context of legal malpractice actions challenging the attorneys' conduct of litigation. See Camenisch v. Super. Court, 44 Cal. App. 4th 1689, 1697 (Cal. Ct. App. 1996) (extending standard to negligent advice claims; characterizing precedent). Plaintiff's claims here do not stem from the negligent handling of litigation, but from the misappropriation of client funds.

"[W]here a plaintiff sufficiently alleges intentional or affirmative misconduct by an attorney or noneconomic injury resulting from an attorney's professional negligence, recovery of emotional distress damages is permitted." Smith v. Super. Court, 10 Cal. App. 4th 1033, 1040 (Cal. Ct. App. 1992). A legal malpractice plaintiff need not establish "physical impact or injury" or "intentional wrongdoing or bad faith" in order to recover emotional distress damages. Pleasant v. Celli, 18 Cal. App. 4th 841, 851 (Cal. Ct. App. 1993), disapproved of on other grounds by Adams v. Paul, 11 Cal. 4th 583 (Cal. 1995).

"Foreseeability is the touchstone of emotional distress analysis." Id. at 852. "In determining whether emotional distress damages are permitted, California courts focus on the "nature of plaintiff's interest which is harmed." Holliday v. Jones, 215 Cal. App. 3d 102, 119 (Cal. Ct. App. 1989). "Generally, the only foreseeable impact on the plaintiff from an attorney's wrongdoing is an economic loss. It is foreseeable that the plaintiff would be annoyed and inconvenienced by the attorney's failure, for example, to file suit within the applicable statute of limitations. However, the disappointment one might feel upon learning that counsel has missed a filing deadline falls far short of the shock, fright, mortification, humiliation, grief, anxiety or

nervousness which characterize the cases imposing liability for negligent infliction of emotional distress." <u>Pleasant</u>, 18 Cal. App. 4th at 853.

The present case is not typical of the aforementioned legal malpractice cases. As the Court explained in its Order Granting Partial Summary Judgment, the duty breached in this case was not "the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise," but rather, the duty of loyalty all attorneys owe to their clients. That distinction led the court in <u>Stanley v. Richmond</u>, 35 Cal. App. 4th 1070 (Cal. Ct. App. 1995), to permit emotional distress damages where an attorney representing a party in a marriage dissolution case breached the fiduciary duty to the client by secretly planning to start a new law firm with opposing counsel, which conflict of interest worked to the detriment of the legal malpractice plaintiff:

> If credited by the jury, appellant's testimony about the extreme pressure she was under and her state of mind during the last few weeks of Richmond's representation-including feelings of abandonment and betrayal by her attorney, anxiety over her possible loss of her family home, and undue pressure to obtain financing on a timetable established for the benefit of her attorney and opposing counsel-as well as her loss of lifetime health benefits, may well be sufficient to support an award of damages for emotional distress from the alleged breaches of fiduciary duty.

<u>Id.</u> at 1097.

Similarly, in <u>Alberts v. Franklin</u>, No. D040310, 2004 WL 1345078, at *21 (Cal. Ct. App. June 16, 2004), an unpublished California Court of Appeal decision, the Franklin law firm represented Alberts as the representative plaintiff in a class action as well as in a separate, personal action against the same defendant. Alberts negotiated a settlement of the class action that Franklin thought was inadequate. Franklin, on behalf of the class Alberts represented, accused Alberts of engaging self-dealing and collusion in the class action in order to obtain a favorable settlement in Alberts' individual action. A jury awarded Alberts general and punitive damages on a breach of fiduciary duty claim arising out of Franklin's breach of the duty of loyalty in opposing Alberts in one action on behalf of a class while representing Alberts in the individual action.

The Court of Appeal affirmed, and distinguished between legal malpractice negligence cases and breach of fiduciary duty cases. Relying on <u>Smith</u>, <u>Pleasant</u>, and <u>Stanley</u>, the court held

5

that emotional distress damages were permissible when "an attorney's breach of fiduciary duty becomes sufficiently blameworthy to support an award of emotional distress damages. Because Franklin's conduct in this case fell squarely on the intentional misconduct end of that continuum, the court did not err in allowing the jury to assess general damages on the cause of action for breach of fiduciary duty." Id. at *21. The Court of Appeal later confirmed that conclusion in another unpublished decision relating to a later claim Franklin asserted against the Alberts and his wife. See Franklin & Franklin v. Alberts, No. D043718, 2005 WL 273159, at *7 (Cal. Ct. App. Feb. 4, 2005) ("Franklin does not dispute, and the jury clearly found, that the Albertses suffered substantial emotional distress based on Franklin's breaches of loyalty to his clients. Under these circumstances, it was not unreasonable for an attorney to assert the professional malpractice claim under the line of cases suggesting that emotional distress damages may be recoverable on a professional negligence claim if the misconduct was particularly egregious.").

The decisions in Stanley and Alberts are analogous to the instant case. As the Court previously observed, "[m]isappropriation of client funds has long been viewed as a particularly serious ethical violation . . . . It breaches the high duty of loyalty owed to the client, violates basic notions of honesty, and endangers public confidence in the legal profession." McKnight v. State Bar, 53 Cal. 3d 1025, 1035 (Cal. 1991) (quoting Kelly v. State Bar, 45 Cal. 3d 649, 656 (Cal. 1988)) (citations omitted). See also Jackson v. State Bar, 15 Cal. 3d 372, 383 (Cal. 1975) ("We have frequently stated that the misappropriation of funds entrusted to an attorney merits severe discipline, even in cases where the attorney has no prior disciplinary record."). The injury arising out of the misappropriation of funds amounts to more than "the disappointment one might feel upon learning that counsel" has inadequately represented the client. It can, in certain circumstances, amount to "the shock, fright, mortification, humiliation, grief, anxiety or nervousness" that attends a breach of the "high duty of loyalty owed to the client," which breach endangers public confidence in the profession and "violates basic notions of honesty."

In the instant case, the Court finds that Plaintiff has adequately alleged "intentional or affirmative misconduct" by Defendant. Consequently, without addressing the merits of Plaintiff's emotional distress damages claim, the Court holds that Plaintiff is entitled to pursue it at trial. The

6

Court also finds that Plaintiff's emotional distress damages, for the reasons discussed above, are not special damages, but rather general damages (like those in Alberts). Consequently, Defendant's argument concerning special damages fails.

## IV. DISPUTE CONCERNING PRE-JUDGMENT INTEREST

The parties dispute in their Joint Pretrial Statement whether the pre-judgment interest rate that applies to Plaintiff's damages stems from California's rate for pre-judgment interest for contract claims (ten percent), see Cal. Civ. Code § 3289, or for tort claims (seven percent), see Cal. Civ. Code § 3287; Cal. Const. Art. 15 § 1. The parties cite no authority regarding which rate applies when a Plaintiff asserts both contract and non-contract claims.

The question of which interest rate applies depends on whether Plaintiff will elect his contract or his tort theory of liability. See Great W. Drywall, Inc. v. Roel Const. Co., Inc., 166 Cal. App. 4th 761, 770 (Cal. Ct. App. 2008) (discussing effect of election of remedy on prejudgment interest); Michelson v. Hamada, 29 Cal. App. 4th 1566, 1586 (Cal. Ct. App. 1994) (applying tort interest rate to fraud claim and contract interest rate to contract claim where election was not required). "An election does not occur by the assertion of an inconsistent allegation, but by the acceptance of an actual benefit from an alternative theory which would render unfair continued pursuit of the alternative." Perry v. Robertson, 201 Cal. App. 3d 333, 341–42 (Cal. Ct. App. 1988). Generally, where alternative theories arising out of the same set of facts would result in different recoveries, the one "more favorable to the injured party should be applied." Id. at 340 (quotation omitted). Plaintiff is correct that, should he pursue his non-contract theories of liability, he may pursue compound interest at the constitutional seven percent rate for non-contract actions. See Michelson, 29 Cal. App. 4th at 1586–87 (holding compound interest may be awarded by trial court or jury in breach of fiduciary duty case).

The Court cannot determine which interest rate will apply until Plaintiff makes his election, which he is entitled to do at the conclusion of trial. Also, the question of whether Plaintiff is entitled to compound interest is in the discretion of the Court, and the Court cannot determine that question until the conclusion of trial.

## V. MISCELLANEOUS

Plaintiff filed this action against three Defendants: Diane Aqui, Mark D. Jordan, deceased, and the Estate of Mark D. Jordan. Plaintiff only served Defendant Aqui. At the Final Pretrial Conference, the Court dismissed Mr. Jordan and the Estate of Mark D. Jordan, but took under submission the question of whether the dismissal is with prejudice after Plaintiff requested that the dismissal be without prejudice. The Court now dismisses Plaintiff's claims against Mr. Jordan and his estate with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). See Villegas v. City of Gilroy, 363 F. Supp. 2d 1207, 1208 n. 1 (N.D. Cal. 2005) aff'd, 484 F.3d 1136 (9th Cir. 2007), aff'd sub nom. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950 (9th Cir. 2008) (dismissing defendants who were never served at summary judgment stage) (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 16:431 (2004) ("Although Rule 41 nominally requires a motion by defendant, the court possesses inherent power to dismiss sua sponte, without notice or hearing, 'to achieve the orderly and expeditious disposition of cases'")).

The Court examines the following five factors in considering dismissal as a sanction for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Dismissal is appropriate when four factors support dismissal, or when three "strongly" support dismissal. Id.

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Id. Now, on the eve of trial, it does so "strongly." The Court's need to manage its docket also favors dismissal. In addition, the Court finds that Plaintiff's failure timely to serve the Complaint prejudiced the Defendants. See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay [of one year] in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."). Finally, though public policy always favors disposition of cases on their merits, the first three factors strongly support dismissal, as does the last one, because no lesser alternative would rectify the prejudice that would occur should Plaintiff proceed

1 through trial without the participation of Mr. Jordan's estate, only to pursue claims against the
2 estate in the future. See id. ("There is no requirement that every single alternate remedy be
3 examined by the court before the sanction of dismissal is appropriate. The reasonable exploration
4 of possible and meaningful alternatives is all that is required.").

For the foregoing reasons, the Court hereby DISMISSES with prejudice Plaintiff's claims against Mark D. Jordan and the Estate of Mark D. Jordan.

**IT IS SO ORDERED.**

Dated: October 28, 2013



JON S. TIGAR
United States District Judge