UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM E. KNIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>DIANE AQUI, et al.,<br><br>    Defendants. | Case No. 11-cv-06337-JST<br><br>**AMENDED FINAL PRETRIAL ORDER**[1] |

A final pretrial conference was held in this matter on October 18, 2013. This Final Pretrial Order, issued pursuant to Federal Rule of Civil Procedure 16(e), encapsulates all matters discussed at the conference and by the parties in their Amended Joint Pretrial Statement, ECF No. 64.

I.  **TRIAL PROCEEDINGS**

The Court will hold a bench trial in this matter on November 5 and 6, 2013, from 8:30 a.m. to 1:30 p.m. each day, in Courtroom 9, 19th Floor, 450 Golden Gate Ave., San Francisco, California. There will be two fifteen minute breaks each day.

The only issues to be tried will be Plaintiff's entitlement to non-economic damages and to punitive damages. This Final Pretrial Order, in conjunction with the Court's Order Granting Partial Summary Judgment, ECF No. 58, supersedes the complaint, answer, and any counterclaims, cross-claims, or third-party complaints, in that only the issues expressly identified for trial remain in the case.

The undisputed facts identified in the Court's Order Granting Partial Summary Judgment

---

[1] This Amended Final Pretrial Order supersedes the "Final Pretrial Order" filed yesterday, ECF No. 69. That order incorrectly stated the Court's prior ruling regarding the availability of emotional distress damages and the time allotment for the parties at trial. In addition, the Court extends the deadlines discussed below by one day.

are binding on all parties.

Trial briefs are optional. Any party wishing to file a trial brief must do so by no later than October 29, 2013.

Each party will have up to four hours for opening statement, witness examination (including direct and cross-examination), and closing argument.

## II. WITNESSES AND EXHIBITS

Section B.8. of this Court's Standing Order for Civil Bench Trials, available at cand.uscourts.gov/jstorders, required the parties to submit "[a] list of all documents or other items to be offered as exhibits at trial, other than solely for impeachment or rebuttal, and a brief statement following each that describes: (1) its substance or purpose; (2) the identity of the sponsoring witness; and (3) whether the parties have stipulated to its admissibility and, if they have not, the objection to its admission, the grounds for the objection, and the position of the offering party." The parties' Joint Pretrial Statement does not comply with the Court's Standing Order. Instead, the parties suggest that the material submitted in connection with Plaintiff's Motion for Partial Summary Judgment constitute the entirety of the exhibit list, and that, in addition, if Defendant's bankruptcy "becomes more than a possibility, Plaintiff may wish to develop evidence to deal with that contingency."[2] That is insufficient.

The parties are hereby ORDERED to file, by no later than October 30, 2013, a list of exhibits that each party intends to introduce at trial in compliance with the Standing Order.

Except for good cause, each party is limited to the witnesses disclosed in their Joint Pretrial Statement and the exhibits identified in the above-discussed filing due October 30, 2013. Materials or witnesses used solely for impeachment need not be disclosed and may be used, subject to the rules of evidence.

Each party shall pre-mark trial exhibits with trial exhibit stickers. Counsel shall agree on a uniform method for marking exhibits.

The parties shall deliver to the courtroom deputy, no later than October 30, 2013, three sets

---

[2] If defendant does file for bankruptcy, this action will presumably be stayed. 11 U.S.C. § 362.

of all pre-marked exhibits in clearly labeled three-ring binders, in compliance with the Court's Standing Order for Civil Bench Trials.

The Court is not aware of any objections to any exhibits. If there are any such objections, the parties shall file them by no later than October 30, 2013.

### III. DISPUTE CONCERNING NON-ECONOMIC DAMAGES

The parties dispute whether Plaintiff may recover non-economic damages.

The Amended Complaint asserts five causes of action: professional negligence, breach of fiduciary duty, breach of contract, conversion, and negligent misrepresentation. Am. Compl., ECF No. 14. The prayer for relief seeks, *inter alia*, general damages, special damages, punitive damages, and any other relief the Court considers proper. Am. Compl. p. 7. The negligent misrepresentation, breach of fiduciary duty, and conversion claims include the allegation that Defendant's "fraudulent conduct" was "despicable," "oppressive," and "in conscious disregard of Plaintiff's rights." Am. Compl. ¶¶ 26, 31, 36. The Court's Order Granting Partial Summary Judgment granted summary judgment on the issue of liability with respect to each claim.

Defendant argues that Plaintiff is not entitled to non-economic damages on two grounds: (1) the Amended Complaint does not adequately specify "special damages" in compliance with Federal Rule of Civil Procedure 9(g); and (2) emotional distress damages are not recoverable in legal malpractice actions.

"General damages typically are those elements of injury that are the proximate and foreseeable consequences of the defendant's conduct. Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct, and typically stem from and depend upon the particular circumstances of the case." Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1310 (3d ed.) (footnotes omitted). The Court must therefore determine whether emotional distress damages are "unusual" in legal malpractice actions of the kind asserted here.

The general rule in California is that "'emotional suffering damages [are limited] to cases involving either physical impact and injury to plaintiff or intentional wrongdoing by defendant.'" Holliday v. Jones, 215 Cal. App. 3d 102, 113 (1989) (quoting Quezada v. Hart, 67 Cal. App. 3d

754, 761 (1977).) In conformity with this general rule, "[e]motional distress damages ordinarily are not recoverable in a legal malpractice action if the representation concerned primarily the client's economic interests and the emotional injury derived from an economic loss." <u>Ovando v. Cnty. of Los Angeles</u>, 159 Cal. App. 4th 42, 73 (2008).

However, that general rule was developed in the context of legal malpractice actions challenging an attorney's conduct of litigation, and does not apply to all claims for legal malpractice or breach of fiduciary duty. <u>See</u> <u>Camenisch v. Super. Court</u>, 44 Cal. App. 4th 1689, 1697 (1996) (extending standard to negligent advice claims; characterizing precedent). "[W]here a plaintiff sufficiently alleges intentional or affirmative misconduct by an attorney or noneconomic injury resulting from an attorney's professional negligence, recovery of emotional distress damages is permitted." <u>Smith v. Super. Court</u>, 10 Cal. App. 4th 1033, 1040 (1992). A legal malpractice plaintiff need not establish "physical impact or injury" or "intentional wrongdoing or bad faith" in order to recover emotional distress damages. <u>Pleasant v. Celli</u>, 18 Cal. App. 4th 841, 851 (1993), <u>disapproved of on other grounds by</u> <u>Adams v. Paul</u>, 11 Cal. 4th 583 (1995).

There is no "bright line" test for determining whether emotional distress damages are available. In making that determination, appellate courts have examined the following factors: (1) the foreseeability that the client would suffer emotional distress, <u>Pleasant</u>, 18 Cal. App. 4th at 852; (2) the nature and severity of that emotional distress, <u>Holliday</u>, 215 Cal. App. 3d at 119; and (3) whether the lawyer's conduct was intentional, <u>Alberts v. Franklin</u>, No. D040310, 2004 WL 1345078, at *21 (Cal. Ct. App. June 16, 2004). Generally, emotional distress damages will be available where the lawyer's conduct falls "squarely on the intentional misconduct end of that continuum," <u>id.</u>, or where the plaintiff suffers "substantial and severe emotional distress." <u>Holliday</u>, 215 Cal. App. 3d at 112. It is also possible that an "attorney's conduct — while not necessarily intentional or in bad faith — is so reckless and the resulting damage is so foreseeable that imposition of liability is proper." <u>Pleasant</u>, 18 Cal. App. 4th at 854. On the other hand, where the defendant's conduct amounts to ordinary negligence, and the type of emotional harm the plaintiff suffers is commonplace relative to the kind of harm inflicted, emotional distress damages usually will not be available.

1   Here, the Court cannot determine whether emotional distress damages are available until it
2   has considered the evidence pertaining both to the Defendant's state of mind and to the harm
3   actually suffered by the Plaintiff. The Court will permit the parties to introduce evidence related
4   to Plaintiff's emotional distress claim.

**IV.     DISPUTE CONCERNING PRE-JUDGMENT INTEREST**

The parties dispute in their Joint Pretrial Statement whether the pre-judgment interest rate that applies to Plaintiff's damages stems from California's rate for pre-judgment interest for contract claims (ten percent), see Cal. Civ. Code § 3289, or for tort claims (seven percent), see Cal. Civ. Code § 3287; Cal. Const. Art. 15 § 1. The parties cite no authority regarding which rate applies when a Plaintiff asserts both contract and non-contract claims.

The question of which interest rate applies depends on whether Plaintiff will elect his contract or his tort theory of liability. See Great W. Drywall, Inc. v. Roel Const. Co., Inc., 166 Cal. App. 4th 761, 770 (2008) (discussing effect of election of remedy on prejudgment interest); Michelson v. Hamada, 29 Cal. App. 4th 1566, 1586 (1994) (applying tort interest rate to fraud claim and contract interest rate to contract claim where election was not required). "An election does not occur by the assertion of an inconsistent allegation, but by the acceptance of an actual benefit from an alternative theory which would render unfair continued pursuit of the alternative." Perry v. Robertson, 201 Cal. App. 3d 333, 341–42 (1988). Generally, where alternative theories arising out of the same set of facts would result in different recoveries, the one "more favorable to the injured party should be applied." Id. at 340 (quotation omitted). Plaintiff is correct that, should he pursue his non-contract theories of liability, he may pursue compound interest at the constitutional seven percent rate for non-contract actions. See Michelson, 29 Cal. App. 4th at 1586–87 (holding compound interest may be awarded by trial court or jury in breach of fiduciary duty case).

The Court cannot determine which interest rate will apply until Plaintiff makes his election, which he is entitled to do at the conclusion of trial. Also, the question of whether Plaintiff is entitled to compound interest is in the discretion of the Court, and the Court cannot determine that question until the conclusion of trial.

5

## V.  MISCELLANEOUS

Plaintiff filed this action against three Defendants: Diane Aqui, Mark D. Jordan, deceased, and the Estate of Mark D. Jordan. Plaintiff only served Defendant Aqui. At the Final Pretrial Conference, the Court dismissed Mr. Jordan and the Estate of Mark D. Jordan, but took under submission the question of whether the dismissal is with prejudice after Plaintiff requested that the dismissal be without prejudice. The Court now dismisses Plaintiff's claims against Mr. Jordan and his estate with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). See Villegas v. City of Gilroy, 363 F. Supp. 2d 1207, 1208 n. 1 (N.D. Cal. 2005) aff'd, 484 F.3d 1136 (9th Cir. 2007), aff'd sub nom. Villegas v. Gilroy Garlic Festival Ass'n, 541 F.3d 950 (9th Cir. 2008) (dismissing defendants who were never served at summary judgment stage) (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 16:431 (2004) ("Although Rule 41 nominally requires a motion by defendant, the court possesses inherent power to dismiss sua sponte, without notice or hearing, 'to achieve the orderly and expeditious disposition of cases'")).

The Court examines the following five factors in considering dismissal as a sanction for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Dismissal is appropriate when four factors support dismissal, or when three "strongly" support dismissal. Id.

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." Id. Now, on the eve of trial, it does so "strongly." The Court's need to manage its docket also favors dismissal. In addition, the Court finds that Plaintiff's failure timely to serve the Complaint prejudiced the Defendants. See Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay [of one year] in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations."). Finally, though public policy always favors disposition of cases on their merits, the first three factors strongly support dismissal, as does the last one, because no lesser alternative would rectify the prejudice that would occur should Plaintiff proceed

1 through trial without the participation of Mr. Jordan's estate, only to pursue claims against the
2 estate in the future. See id. ("There is no requirement that every single alternate remedy be
3 examined by the court before the sanction of dismissal is appropriate. The reasonable exploration
4 of possible and meaningful alternatives is all that is required.").

5     For the foregoing reasons, the Court hereby DISMISSES with prejudice Plaintiff's claims
6 against Mark D. Jordan and the Estate of Mark D. Jordan.

7     **IT IS SO ORDERED.**

8 Dated: October 29, 2013



JON S. TIGAR
United States District Judge